WALKO CORPORATION, Appellant

v.

BURGER CHEF SYSTEMS, INC., an Indiana Corporation et al.

No. 75–1135.

United States Court of Appeals, District of Columbia Circuit.

Dec. 19, 1977.

---

30. *Id.*

Before Mr. Justice TOM CLARK,* Retired Associate Justice of the Supreme Court of the United States, and ROBINSON and MacKINNON, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

The District Court dismissed appellant's diversity action as time-barred because initiated after the three-year period set by the applicable Maryland statute of limitations.[1] Before commencing suit, appellants had attempted unsuccessfully to intervene in an earlier action to which the appellees were parties.[2] If the running of the statute was tolled for the period during which that motion was pending, the present action would have been timely, but otherwise not.

When the case was first before us, we held that under the *Erie* doctrine [3] the question of tolling in these circumstances was to be determined by Maryland law;[4] and because we were uncertain as to the state-law principles governing, we certified the question to the Maryland Court of Appeals [5] pursuant to a Maryland statute affording us that opportunity.[6] The Court of Appeals has now responded with a holding that "the statute of limitations was not suspended during the pendency of the motion to intervene." [7] The court based this conclusion in large part on policy considerations and the legislative judgment reflected in the statute of limitations,[8] thus confirming the wisdom of our decision to leave the question of

---

* Sitting by designation pursuant to 28 U.S.C. § 294(d). Mr. Justice Clark participated in the initial opinion in this case but died thereafter and did not participate in this supplemental opinion.

1. *Walko Corp. v. Burger Chef Syss., Inc.*, Civ. No. 74–674 (D.D.C.) (orders of Dec. 13, 1974).

2. The background of this dispute is elucidated in our earlier opinion, *Walko Corp. v. Burger Chef Syss., Inc.*, 180 U.S.App.D.C. 306, 307–308, 554 F.2d 1165, 1166–1167 (1977).

3. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

4. *Walko Corp. v. Burger Chef Syss., Inc., supra* note 2, 180 U.S.App.D.C. at 312–313, 554 F.2d at 1171–1172.

5. *Id.* at 313–314, 554 F.2d at 1172–1173.

6. Md. Cts. & Jud. Proc. Code Ann. § 12–601 (1976).

7. *Walko Corp. v. Burger Chef Syss., Inc.*, 281 Md. 207, 216, 378 A.2d 1100, 1104 (1977).

8. *Id.*

tolling to the forum more able to identify and evaluate the critical factors.[9]

The ruling of the Maryland Court of Appeals disposes of the only issue remaining on this appeal after our earlier opinion.

Now that we are authoritatively and fully informed on the Maryland law applicable to the situation at bar, the judgment appealed from must be

*Affirmed.*

9. *Walko Corp. v. Burger Chef Syss., Inc., supra* note 2, 180 U.S.App.D.C. at 312, 554 F.2d at 1171.